IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| McAFEE ENTERPRISES, INC.<br><br>                      Plaintiff,<br>vs.<br><br>CHERUB TECHNOLOGY INC.<br><br>                      Defendant. | Case No.: 15-cv-10403<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff McAfee Enterprises, Inc. ("McAfee"), by and through its undersigned attorneys, for its complaint against Cherub Technology Inc. ("Cherub"), hereby alleges as follows:

**NATURE OF LAWSUIT**

1. This action involves claims for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. This Court has exclusive jurisdiction over the subject matter of the Complaint under 28 U.S.C. § 1338(a).

**THE PARTIES**

2. McAfee is corporation organized under the laws of the state of Tennessee and having offices at 205 Mitchell Road, Portland, Tennessee 37148.

3. McAfee owns all right, title and interest in, and has standing to sue for infringement of United States Patent No. 6,545,207 ("the '207 patent") entitled "Electric Drum Stroke Counting Machine," issued April 8, 2003. A copy of the '207 patent is attached as Exhibit A.

4. Defendant Cherub is a California corporation with a principal place of business located at 11940 Goldring Road, Unit C, Arcadia, California 91006. Cherub transacts business and has, at a minimum, offered to provide and/or provided in this judicial district and throughout the state of Illinois products that infringe claims of the '207 patent.

5. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b).

## COUNT I

## PATENT INFRINGEMENT

6. Defendant Cherub has infringed claims of the '207 patent by making, using, selling, offering for sale and/or importing drum practice pads including, but not limited to, Cherub's DP-800A, 850, 900 and 950 drum practice pads.

7. Defendant Cherub currently sells and offers for sale a product known as the DP-950 drum practice pad.

8. The DP-950 drum practice pad includes a Beats Counting Mode.

9. Beats Counting Mode on the DP-950 can tell you how fast a drummer plays a single stroke roll.

10. The Beats Counting Mode of the DP-950 counts the amount of drum pad hits within a fixed time.

11. The DP-950 includes a strike sensor that detects strikes on a drum pad surface.

12. The DP-950 includes a strike counter that counts the number of strikes on a drum pad surface.

13. The DP-950 includes an LCD screen that displays the total number of strikes on a drum pad surface.

14. The DP-950 includes a timer that counts a period of time and stops the timer after a specific period of time.

15. The DP-950 includes a time period selector that allows a user to select the period of time that strikes on the drum pad surface are counted.

16. The LCD screen of the DP-950 includes a representation of the period of time being counted by the timer, and counts down the time as the number of strikes on the drum pad surface are recorded.

17. Cherub has sold and offered for sale the DP-950 drum practice pad and other infringing products with knowledge of the '207 patent.

18. Cherub sold and offered for sale the DP-950 drum practice pad and other infringing products despite an objectively high likelihood that its actions constituted infringement of a valid patent, and such likelihood was known or so obvious that it should have been known by Cherub.

19. Cherub has willfully infringed claims of the '207 patent with its sales and offers for sale of the DP-950 drum practice pad and other infringing products.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs ask this Court to enter judgment against the Defendants, and against their subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with them, granting the following relief:

A. An award of damages adequate to compensate McAfee for the infringement that has occurred, together with prejudgment interest from the date that Defendants' infringement of the '207 patent began;

B. Treble damages as permitted under 35 U.S.C. § 284;

      C.      A finding that this case is exceptional and an award to McAfee of its attorneys' fees and costs as provided by 35 U.S.C. § 285;

      D.      A permanent injunction prohibiting further infringement, inducement and contributory infringement of the '207 patent; and

      E.      Such other and further relief as this Court or a jury may deem proper and just.

## JURY DEMAND

McAfee demands a trial by jury on all issues presented in this Complaint.

Dated: November 18, 2015          Respectfully submitted,

                                      /s/ Anthony E. Dowell
                                      Anthony E. Dowell
                                      aedowell@dowellip.com
                                      DOWELL IP
                                      333 W. North Ave #341
                                      Chicago, Illinois 60610
                                      Phone: (312) 291-8351

                                      **ATTORNEY FOR PLAINTIFF**
                                      **McAFEE ENTERPRISES, INC.**